# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| **v.** | ) | |
| **DARIUS LEROY LITZSEY** | ) | 5:05-CR-403-VEH-HGD |
| | ) | |

## MEMORANDUM OF DECISION REGARDING ORDER DENYING
## MOTION TO REDUCE TERM OF IMPRISONMENT

  The movant, acting pro se, filed a motion for reduction of term of imprisonment (doc. # 80) on April 3, 2008, requesting that this court modify or reduce his sentence pursuant to 18 U.S.C. § 3582 which became effective on November 1, 2007.  For the reasons stated herein, the court concludes that the motion for reduction of sentence should be **DENIED**, and a separate order to that effect will be entered.

  In May 2007, the U. S. Sentencing Commission (U.S.S.C.) submitted a group of proposed amendments to the Sentencing Guidelines as they have done annually since 1987.  One of these amendments, #706, represented the U.S.S.C.'s attempt to mitigate the sentencing disparity for defendants convicted of crack cocaine offenses as opposed to powder cocaine offenses.  In the absence of congressional action to amend the 100:1 ratio found in the Title 21 statutes, the U.S.S.C. proposed a method to reduce the potential sentences by lowering the applicable guidelines for quantities of crack by two levels, thereby creating a ratio ranging from about 25:1 to about 80:1 within the Guidelines framework.

  All of the proposed amendments, including the Crack Amendment, became effective on November 1, 2007.[1]  Then in December 2007, following a period of public discussion, the U.S.S.C. decided to make the Crack Amendment retroactive.  The effective date for retroactive application of the Crack Amendment became March 3, 2008.  The U.S.S.C. also amended Guideline § 1B1.10 to include the Crack Amendment (hereinafter referred to as "the amended

---

[1] At this point, none of the amendments had any retroactive effect.

policy statement"). As such, as of March 3, 2008, the Crack Amendment and amended policy statement apply to all relevant sentences, old and new. All of this was done pursuant to the U.S.S.C.'s authority found at 28 U.S.C. § 994(u) and 18 U.S.C. § 3582(c).

With that background, the court now turns to the current motion (Doc. #80) of Darius Leroy Litzsey to modify his term of imprisonment under 18 U.S.C. § 3582(c)(2). The motion seeks the benefit of the Crack Amendment and the amended policy statement.

The focus of the § 3582(c)(2) motion is the 110-months sentence[2] imposed upon movant under Counts One, Two, and Three and Count Four.[3] Movant pleaded guilty to these charge and was sentenced on April 3, 2006.

The following chart sets forth the application of the crack amendment to the instant case:

|  | **Original Sentence** | **Retroactive Sentence Adjustment** |
|---|---|---|
| **Total Offense Level** | 29 | 27 |
| **Criminal History Category** | I | I |
| **Imprisonment Range** | 120 months, plus 60 months consecutive | 120 months, plus 60 months consecutive |
| **Departure** | U.S.S.G. 5K1.1 & 18 U.S.C. 3553(e) |  |
| **Sentence Imposed 6/17/2005** | 50 months in counts 1-3 plus 60 months in count 4 |  |
| **Projected Release Date** | 12/4/2012 |  |

A review of the sentencing issues now confronting this court includes, but is not limited to, the following:

1. the movant originally faced a combined sentence of 180 months (15 years);
2. based on his cooperation, the government filed a motion for departure and

---

[2]The government filed a motion for departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), making it possible for the court to sentence movant below the statutory minimum sentences of not less than 10 years (Counts One-Three) and not less than five years (Count Four).

[3]The movant was also convicted in Count Four pursuant to 18 U.S.C. § 924(c).

2

recommended a combined sentence of 135 months, representing a greater than 25% reduction in sentence;

3.  the court, after considering the degree of movant's cooperation and the sentencing factors at 18 U.S.C. § 3553(a), concluded that a combined sentence of 110 months was sufficient but not greater than necessary;

4.  the court's sentence represented a reduction of 58% of the sentence movant faced prior to the departure motion;

5.  with application of the crack amendment to the facts of this case, the starting point for the court's consideration of the departure motion, i.e. 120 months on counts one through three, plus 60 months consecutive on count four, remains the same, and;

6.  with a comparable reduction in the sentence based on the government's motion for downward departure, the court would sentence the movant to the same amount of time.

Pursuant to U.S.S.G § 1B1.10, this court finds that the movant is not eligible for consideration for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). [4]

A separate order will be entered denying the motion. Movant's attention is directed to the "Notice Concerning Appeals" set out below.

### NOTICE CONCERNING APPEALS

A § 3582(c) motion is considered a continuation of the criminal proceeding. A notice of appeal must be filed within ten days from the entry of the judgment or order being appealed. See *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *United States v. Starks*, 2008 WL 351386 (11th Cir. 2008); *Fed.R.App.P*. 4(b)(1)(A)(i). If the movant was represented by appointed counsel in the Northern District of Alabama at trial or on appeal, movant will not be required to file a new application to proceed *in forma pauperis* on appeal from the denial of

---

[4] U.S.S.G. § 1B1.10(a)(2)(B) states as follows: <u>Exclusions</u>. –A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if–... (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

the § 3582(c)(2) motion. That status will be granted for appeal purposes. If movant was represented by counsel at trial or on direct appeal but believes he is now unable to afford counsel, movant should file an application to proceed *in forma pauperis* (accompanied by a certified copy of prison account statements for the last six months) when a notice of appeal from the denial of the § 3582(c)(2) motion is filed. The Clerk is **DIRECTED** to provide the movant with an application to proceed *in forma pauperis*.

    **DONE** and **ORDERED** this the 30th day of June, 2008.

                                        **VIRGINIA EMERSON HOPKINS**
                                        United States District Judge